SHANNON *v.* GULL LAKE ASSOCIATION.

SPECIFIC PERFORMANCE—LAND CONTRACT—DISCRETION OF COURT.
   Specific performance of a land contract is not a remedy of
   right but rests in the sound discretion of the court; where
   a review of the record fails to convince the appellate court
   that it would have reached a different result had it sat as
   a trial court, a finding of the trial court that plaintiff vendee
   is not entitled to specific performance of the contract because
   of his failure to meet his contractual obligations under the
   contract is affirmed.

---

REFERENCE FOR POINTS IN HEADNOTE
**49 Am Jur, Specific Performance** §§ 8, 9.

Appeal from Kalamazoo, Sweet (Lucien F.), J. Submitted Division 3 April 3, 1968, at Grand Rapids. (Docket No. 3,482.) Decided June 10, 1968.

Complaint by Robert E. Shannon against the Gull Lake Association for specific performance of contract to sell land. Judgment for defendant. Plaintiff appeals. Affirmed.

*Golden & Golden,* for plaintiff.

*Howard & Howard (Frederick A. Lake,* of counsel), for defendant.

PER CURIAM. Plaintiff appeals a judgment of no cause of action for specific performance of an agreement to sell real estate. Two contracts are involved, the first dated July 21, 1961, and the second February 12, 1963. The trial court found that the second contract superseded the first contract, and that plaintiff was not entitled to specific performance of the second contract because of his failure to meet his contractual obligations thereunder. A review of the record fails to convince us we would have reached a different result had we sat as the trial court.

Specific performance is not a remedy of right but rests in the sound discretion of the court. *Rose* v. *Gilbert* (1948), 320 Mich 455. This record demonstrates no abuse of discretion.

Affirmed, with costs to defendant.

BURNS, P. J., and QUINN and ZIEM, JJ., concurred.